The Law Offices of  
GREGORY SMITH  
81 Prospect Street  
Brooklyn, New York 11201  
Tel.: (917) 748-2623  

October 11, 2018

<u>By ECF</u>

Honorable Deborah A. Batts  
United States District Judge  
Southern District of New York  
500 Pearl Street, Room 2510  
New York, New York 10007

  Re: Jennifer Berkeley Carr v. New York City Transit Authority et al.,  
    16-CV-9957 (DAB)

Dear Judge Batts:

  The undersigned represents plaintiff Jennifer Berkeley Carr in the above referenced case. The undersigned writes this letter to oppose defendants' request to file a motion for summary judgment, and correspondingly plaintiff request a trial date to be set by the Court. It appears that defendants have negotiated in bad faith and worse, intentionally delayed this case, since April 2018 until the present time.

  The reasons for plaintiff's objection follow. Discovery was completed in this case in April 2018. As such, plaintiff was ready to respond to the TA's summary judgment motion, if filed. TA attorney Mariel Thompson and the undersigned had on-going discussions about settling this case. In March 2018 Ms. Thompson notified the undersigned that she would be leaving on maternity leave and hoped to be back in time for the trial of this matter since the parties could not agree. Prior to Ms. Thompson going on maternity leave she requested of the undersigned one final demand and she introduced me to TA senior attorney Kate Martin who would be taking over the case for her.

  The undersigned presented in writing plaintiff's demand to settle the case. Kate Martin responded to the undersigned that the TA "wants to settle the case" and ask the undersigned to consent to a magistrate judge being assigned for purposes of settlement. The undersigned consented, whereupon Kate Martin wrote to the Court for permission for a settlement conference before a magistrate judge. The Court granted permission and accordingly, Magistrate Judge Barbara Moses was assigned to the case for settlement purposes. On April 16, 2018 Magistrate Judge Moses scheduled a settlement conference for June 12, 2018. The parties agreed to that date however, close to that June date, Ms. Martin reached out to the undersigned and requested an

adjournment of the agreed upon date because she stated that she "still did not have settlement authority." The undersigned reluctantly agreed to the adjournment and Ms. Martin made the necessary arrangements with the court and the undersigned to adjourn the conference.

The new agreed upon settlement conference date was August 1, 2018 as MJ Moses didn't have any openings on her settlement calendar until then. Close to August 1, 2018, Ms. Martin again contacted the undersigned to request an adjournment of the conference because Ms. Martin stated that Ms. Marva Brown would be out of town on business.  The undersigned objected, and refused to consent to the adjournment, and requested that pursuant to MJ Moses settlement conference rules that Marva Brown attend. The undersigned learned that the "business conference" that Ms. Brown would be attending was actually a non-TA sponsored conference for transit employees across the country. This conference was held in Baltimore, Md. Ms. Brown was not mandated to be present at that conference and she could have been present for the settlement conference. The undersigned thus, made those arguments to MJ Moses and Ms. Martin responded. MJ Moses set the settlement conference date down as final, "all parties must attend" for September 18, 2018.

On that date, the settlement conference was conducted before MJ Moses with all parties in attendance. The parties could not agree, even with the help of MJ Moses. Significantly, the TA did not change their position from the prior settlement negotiations that the undersigned had with Mariel Thompson pre-settlement conference. The day after the settlement conference, the undersigned again gave the TA a reasonable demand under all of the circumstances to settle the case. Kate Martin told the undersigned that the TA was considering the demand and would get back to the undersigned in a week or so. During that time Kate Martin informed the undersigned that Mariel Thompson had recently returned from maternity leave.

Mariel Thompson called the undersigned last week, and she was talking nothing new in regard to settlement. On October 10, 2018, Mariel Thompson emailed the undersigned and said that she was now taking over the case once again, and that Kate Martin was leaving the Transit Authority to pursue other job opportunities. She also responded in [bad faith] to plaintiff's last settlement demand which was promptly rejected. Importantly,  the undersigned has at all times been ready to try this case. However, plaintiff has been prejudiced because of the severe delay in time by defendants in requesting a summary judgment application. The undersigned is a solo-practitioner with other substantial cases pending in the Southern and Eastern district federal courts, State courts and one in the Second Circuit Court of Appeals that all have deadlines that will come due during the course of the summary judgment motion practice in this instant case. It is patently disingenuous of defendants to now, at this late date, request permission to file a motion for summary judgment, only after, Mariel Thompson returned from maternity leave. Thus, plaintiff and the undersigned request this Court to set a trial date and deny defendants' request to file a summary judgment motion.

                                                              Respectfully submitted,

                                                                 *\s\ Gregory Smith*

                                                            Gregory G. Smith  
                                                            Attorney for the Plaintiff

cc: Mariel Thompson by ECF