

(718) 694-3893                              October 18, 2018

Honorable Deborah Batts
United States District Court
Southern District of New York
500 Pearl Street, Room 2510
New York, NY 10007

        Re:    **Jennifer Berkeley-Carr v. New York City Transit Authority, Marva Brown and David Chan**; Docket No. 1:16-cv-09957 (DAB)

Dear Judge Batts:

      This office represents the Defendants in the above-entitled action. The purpose of this letter is to request a pre-motion conference in order to serve and file a Rule 56 motion for summary judgment dismissing all claims against the Defendants. Alternatively, Defendants request that a briefing schedule be set. Summary judgment is warranted in this case for the following reasons.

      Plaintiff, a 63 year-old African-American female of Caribbean descent, alleges that Defendant Brown, a 58 year-old African-American female of Caribbean descent (and Vice President and Chief Officer of the Authority's Division of Capital Programs in Subways), discriminated against her by denying her two promotions based on her age, race and gender.[1]

      The first position Plaintiff applied for was for Senior Director, Program Management & Oversight (the "PMO" position) in Capital Programs, which was offered to Joseph DiLorenzo, a 53 year-old male who self-identifies as "Other." The second position Plaintiff applied for was for Senior Director, Program Management & Analysis (the "PMA" position) in Capital Programs, and was offered to Defendant Chan, a 55 year-old Asian male, who became Plaintiff's direct supervisor. Plaintiff clarified at her deposition that she is using Brown's decision to appoint DiLorenzo to the PMO position "to show a pattern of discrimination because of her age". *See* Pl. Dep. at 79:17-18. However, to the extent Plaintiff *is* attempting to challenge this first hiring decision in this action, she is barred by the statute of limitations.[2] Not-withstanding, Plaintiff has proffered absolutely no evidence of discriminatory animus on the part of Brown, and she admittedly had no knowledge of either of the selected candidate's qualifications (Pl. Dep. at 81-112). She simply argues that she was qualified for both jobs, and that DiLorenzo is a white male and Chan an Asian male who are younger than her (*id.*).

      Further, Plaintiff offers only unsupported, self-serving testimony that she believes Brown's hiring practices are discriminatory (*id.*), a theory which Defendants have refuted with evidence that since Brown's appointment as Vice President, Brown – who is notably in all the same

---

[1] Plaintiff's claims of race, gender and age discrimination are against Brown and the Transit Authority only, and are not raised against Defendant Chan. *See* Plaintiff's deposition transcript ("Pl. Dep.") at 200-202.

[2] Plaintiff alleges that she was informed she was not selected for the PMO position on February 3, 2014 (Pl. Dep. at 73:1-7), but did not file her Charge with the EEOC until May 11, 2015, over one year later.

1

protected classes as Plaintiff – has either hired, re-hired, promoted, or helped obtain salary increases for approximately 11 African-American employees, approximately 17 employees over the age of 50, and approximately 35 female employees. Significantly, among the older African-American females Brown has advanced is Plaintiff herself.  In fact, Brown recommended and obtained a 12% pay increase and Hay Grade increase for Plaintiff in 2012 (Pl. Dep. at 53, 87-88). Plaintiff's speculative and inconsistent theories of discrimination are insufficient to overcome Defendants' legitimate, non-discriminatory reasons for the decisions, which included, *inter alia*, Brown's consideration of the candidates' resumes, interviews, references, and Brown's placement of value on the selected candidates' respective technical backgrounds in architecture and engineering, which Plaintiff lacks.  Each decision was made with input from a panel of interviewers, and a manager or managers on each panel expressed concerns about Plaintiff based on firsthand experience, including Plaintiff's direct supervisor at the time.  Plaintiff's failure to promote claims are completely baseless and utterly contradicted by the record.

Plaintiff's retaliation claim is fatally flawed, since it primarily revolves around Chan, who got the PMA position plaintiff wanted.  Plaintiff complained about that decision internally in around September 2014.  Chan was not the subject of, nor was he notified, about Plaintiff's complaint. While Plaintiff strongly objected to a Managerial Performance Review ("MPR") she received from Chan in May 2015 (for the year 2014) as retaliatory, the rating was administered nearly eight months after she filed the internal complaint, was an overall "Good", and was prepared with the input of Plaintiff's prior manager Amy Kaufman, who supervised Plaintiff for most of 2014.  Further, the MPR was reviewed by Brown, who suggested that Chan change one or two "Marginal" ratings within the MPR to "Good".  Defendants were unaware of Plaintiff's external EEOC complaint at that time as the record will show.  There is no evidence of retaliatory animus.

Moreover, Defendants have legitimate, non-discriminatory reasons for the 2014 MPR, in addition to her MPRs for subsequent years and any other actions taken in regard to Plaintiff. Reasons include, for example, Plaintiff's failure to meet important deadlines and failure to apprise her managers of pertinent work related information.  Plaintiff's various other claims, e.g., that she has been given assignments that are outside of her area of expertise, or that she has not been offered the help of support staff, are plainly erroneous and are contradicted by the record, including by Plaintiff's own often inconsistent testimony.  Plaintiff's complaints about Chan's purported general micro-managing, work criticisms, or harsh management style, even if assumed to be true for purposes of this motion, fall far short of the type of severe abuse and trauma that the law was designed to protect, and Plaintiff has not and cannot show that they have anything to do with the complaints she filed.  For all of these reasons, summary judgment is warranted.  Thank you very much for your consideration in this matter.

> Very truly yours,
> */s/Mariel A. Thompson*
> Mariel A. Thompson, Esq.
> *Executive Agency Counsel*

**By ECF & Mail**: Gregory Smith, Esq.
225 Broadway, Suite 3601
New York, NY 10007
Gsmith225@aol.com

2