The Law Offices of<br>
GREGORY SMITH<br>
81 Prospect Street<br>
Brooklyn, New York 11201<br>
Tel.: (917) 748-2623

October 23, 2018

<u>By ECF</u>

Honorable Deborah A. Batts
United States District Judge
Southern District of New York
500 Pearl Street, Room 2510
New York, New York 10007

      Re:    Jennifer Berkeley Carr v. New York City Transit Authority et al.,
             16-CV-9957 (DAB)

Dear Judge Batts:

      The undersigned represents plaintiff Jennifer Berkeley Carr in the above referenced case. The undersigned writes this letter in opposition to defendants' application to file a motion for summary judgment. Although, plaintiff has a strong age discrimination case under a disparate treatment theory, we will relegate this letter to the evidence of retaliatory creation of a hostile work environment. The evidence shows that on September 29, 2014 plaintiff filed an internal EEO complaint against Brown for age, race and gender discrimination. The EEOC sent the TA per general counsel Eamon Foley plaintiff's notice of charge of discrimination under EEOC Charge No. 520-2015-02377 dated May 18, 2015 and signed by Kevin J. Berry EEOC District Director. Two days later on May 20, 2015, plaintiff received her 2014 managerial evaluation that for the first time, after receiving years of excellent evaluations, Chan, with notations from Brown, rated plaintiff's performance as marginal in two categories. That marked the beginning of plaintiff's hostile work environment.

      The evidence shows that since May 20, 2015 to the present time, plaintiff has been the victim of a hostile work environment; including, but not limited to, an increased work load consisting of five (5) additional major work projects with deadlines in addition to her core duties and responsibilities as Director of Communications. Plaintiff's analyst support was taken away, emphasis added; she was harassed and reprimanded for typos, spelling and grammatical errors in her work product, plaintiff was tasked with vastly increased reporting obligations and progressively worse yearly managerial evaluations: going from excellent "E" to needs improvement "NI." As a result of the negative evaluations plaintiff was denied a two percent "cost of living" increase in 2016 and 2017. As of this correspondence, plaintiff has not yet received her 2018 yearly managerial evaluation. The evidence shows that plaintiff was denied vacations and

civil service protection after she had taken the civil service examination in 2015 and passed with a designation as Administrative Staff Analyst. The same civil service title that defendant Marva Brown enjoys. Marva Brown testified at her deposition that it was her "right" to deny plaintiff civil service designation. During discovery plaintiff learned that defendants requested of Labor Relations that plaintiff be given a five day suspension without pay, but that request was denied.

Furthermore, plaintiff is no longer permitted to sit in for defendant David Chan in his absence, even though plaintiff reports directly to him, and has sat in for him and Marva Brown in the past when they were absent. Plaintiff was directed by Chan to travel out to an East New York bus depot unannounced to obtain a signature from a higher ranking TA employee than she. Furthermore, the evidence shows that Chan belittled and talked down to plaintiff during their weekly Monday morning staff meetings, plaintiff was directed to take a "respectful workplace" class while Chan was not so directed. Recently, in 2018, Chan told plaintiff that "he didn't want to give plaintiff another needs improvement "NI" on her 2018 yearly managerial evaluation. Over the past two years plaintiff needed to get psychiatric care and counselling on a weekly basis and was prescribed medications.

The evidence shows that plaintiff suffers sleepless nights, all because Brown harbors an animus against plaintiff for filing an internal EEO complaint against her in 2014. The evidence demonstrates that prior to plaintiff filing her internal EEO complaint against Brown, she endorsed, signed off on, and wrote an entire paragraph that highly praised plaintiff's work performance. Accordingly, Brown recommended plaintiff to attend the New York City Leadership Institute, which was a week-long training program for deserving City management employees. When ask at her deposition if Brown would recommend plaintiff again, Brown replied "no."

Furthermore, the evidence shows that Chan may have secretly [tape recorded] conversations he had with plaintiff (with Brown in attendance) during plaintiff's reprimand meetings. Although, Chan denied doing so, at his deposition the evidence shows that his several pages of type written notes are [word for word] what was said, and reads like a stenographer was present. Further, Chan testified[1] that he took no notes from which he pieced together his memo to the file. For all of the above stated reasons, plaintiff urges this Court to deny defendants' application to file a motion for summary judgment.

Respectfully submitted,
\s\ *Gregory Smith*
Gregory G. Smith
Attorney for the Plaintiff

cc: Mariel Thompson by ECF

---

[1] During Browns deposition Chan was present unbeknownst to the undersigned, and during Chan's deposition, Brown was present. This is when the undersigned realized that Chan was a defendant in the case, having not met him prior to his deposition. Attorney Mariel Thompson failed to inform of the same.