UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
:
JENNIFER BERKELEY CARR, :
:
Plaintiff, :
: 16-CV-9957 (VSB)
- against - :
: **OPINION & ORDER**
:
NEW YORK CITY TRANSIT AUTHORITY, :
MARVA BROWN, and DAVID CHAN, :
:
Defendants. :
:
----------------------------------------------------------X

Appearances:

Gregory Gladstone Smith
Gregory Smith & Associates
Brooklyn, New York
*Counsel for Plaintiff*

Kathryn E. Martin
NYS Office of the Attorney General
White Plains, New York
*Counsel for Defendants*

Mariel Alyson Tanne
New York City Transit Authority
Brooklyn, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

     Plaintiff Jennifer Berkeley Carr ("Plaintiff") moves for my recusal and for an order vacating my recent Opinion & Order granting summary judgment in favor of Defendants and dismissing this action. (Doc. 70.) Because I find that an objective, disinterested observer fully informed of the facts at issue in Plaintiff's motion would not have a significant doubt that justice would be done in this case absent recusal, Plaintiff's motion is DENIED.

I. **Relevant Background**

This action's factual and procedural background are set forth in my March 18, 2022 Opinion & Order granting Defendants' motion for summary judgment (the "SJ Opinion"). (Doc. 66.) Familiarity with that Opinion & Order will be presumed, and I will only provide background necessary to understand the present motion.

Defendants' motion for summary judgment was filed on March 7, 2019 while Judge Deborah A. Batts still presided over this action. (*Id.* at 11.) The action was reassigned to me on February 20, 2020. (*Id.*) The SJ Opinion dismissed all of Plaintiff's remaining claims in this action on March 18, 2022. (*Id.*)

On March 21, 2022, after I had been presiding over this action for two years, Plaintiff filed a letter motion for my recusal and to reopen this case. (Doc. 68.) Plaintiff's letter motion cited no authorities regarding whether and when judicial recusal is appropriate, and the only factual basis set forth for my recusal was that Plaintiff's counsel and I "were opposing counsel in a murder trial [the ('Restrepo Case')] that we conducted before Judge Scheindlin in the Southern District of New York in 2002." (*See id.*)[1] Plaintiff's counsel concluded the letter motion by writing, "Had Plaintiff had the opportunity to address this information when you were reassigned to this case, she would have respectfully asked you to recuse yourself to avoid any prejudice or even the appearance of such prejudice." (*Id.*)

On March 22, 2022, I denied Plaintiff's letter motion without prejudice. (Doc. 69.) In my order denying the letter motion, I stated that "Plaintiff may file a motion seeking my recusal supported by appropriate briefing and citations to controlling Second Circuit law." (*Id.*) On March 31, 2020, Plaintiff filed the instant motion. (Doc. 70; *see also* Doc. 70-6 ("Recusal Br.").)

---

[1] The "Restrepo Case" refers to *United States v. Restrepo*, 1:99-cr-01113-KBF-1 (S.D.N.Y.).

## II. Discussion

### A. *Applicable Law*

When a federal judge's recusal is sought due to "alleged bias or prejudice," the recusal motion is considered "under [28 U.S.C.] §§ 144 and 455(b)(1)." *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987). The "substantive standards" of each are the same, as "under both sections," the "analysis . . . looks to extrajudicial conduct as the basis for making such a determination, not conduct which arises in a judicial context." *Id.*

When a judge's impartiality is questioned on bias or prejudice grounds, "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). "That is, recusal is warranted if 'an objective, disinterested observer fully informed of the underlying facts entertain significant doubt that justice would be done absent recusal.'" *Moskovits v. Bank of Am. NA*, 20-CV-10537 (LLS), 2021 WL 467152, at *1 (S.D.N.Y. Feb. 7, 2021) (quoting *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003)).

"The Second Circuit Court of Appeals has cautioned that when answering this question, 'the grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves solely because a party claims an appearance of partiality.'" *Weaver v. IndyMac Fed. Bank, FSB*, 09 Civ. 5091 (LAP), 2019 WL 6173789, at *1 (S.D.N.Y. Nov. 20, 2019) (quoting *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001)). "[W]here the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited." *Aguinda*, 241 F.3d at 201. "[R]ecusal motions are committed to the sound discretion of the district court." *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992).

3

**B.**     *Application*

The crux of Plaintiff's argument on this motion is that, because her counsel and I represented opposing parties in the trial in the Restrepo Case in 2002, there is "an objectively reasonable basis for questioning whether [I] ha[ve] 'a deep-seated favoritism that would make fair judgment impossible." (Recusal Br. 6 (quoting *Liteky*, 510 U.S. at 555).)  Plaintiff's counsel cabins his position specifically to the Restrepo Case, saying that "[i]t is very unlikely that many, if any opposing counsel faced with the . . . facts and circumstances [of the Restrepo Case] could consciously or unconsciously resist being biased against their former adversary." (*Id.* at 5.) Plaintiff also mentions that I included the Restrepo Case on the questionnaire form I submitted to the United States Senate Committee on the Judiciary in a list of important litigation.  (*Id.* at 5–6; *see also* Doc. 70-5, at 25.)

Plaintiff has failed to meet the applicable standard of demonstrating that "an objective, disinterested observer fully informed of the underlying facts" would "entertain significant doubt" as to whether I may have any bias toward Plaintiff's counsel, much less bias that may have factored into the SJ Opinion.  *See Aguinda*, 241 F.3d at 201 (quoting *Lovaglia*, 954 F.2d at 815); *see also id.* at 202 (explaining that "the appearance of partiality portrayed" in some circumstances "may be, at times, unreasonable" and thus not merit recusal).  Despite the direction in my order that Plaintiff's recusal motion be "supported by appropriate briefing and citations to controlling Second Circuit law," (Doc. 69), Plaintiff offers no authority or reasoning to support the argument that my status as opposing counsel to her attorney in a trial held over two decades ago would suggest a possibility of bias, and my own review of the law turned up no sources finding an appearance of bias stemming from even remotely analogous circumstances. Indeed, the law I did locate suggests the opposite.  *Cf. Lovaglia*, 954 F.2d at 814–16 (affirming

4

denial of a recusal motion that raised, among other things, that "the judge's former law firm had represented one of the construction companies victimized by [criminal] defendants"). In addition, there are myriad cases in this Circuit that hold a "judge's prior position as an [Assistant United States Attorney]" is alone not a basis for recusal. *See, e.g.*, *Couri v. Pavia*, 19 Civ. 5436 (KPF), 2019 WL 3553357, at *3 (S.D.N.Y. Aug. 5, 2019) (collecting cases); *Reilly v. Dep't of Just.*, Civ. No. 3:16CV2024(VLB), 2017 WL 8292487, at *3 (D. Conn. Aug. 22, 2017) ("The mere fact of prior service as an [Assistant United States Attorney] is not sufficient grounds for recusal."); *McLean v. United States*, 08-cr-789 (RJS), 2016 WL 3910664, at *9 (S.D.N.Y. July 13, 2016) (denying recusal motion where movant "only speculated about any bias or prejudice due to the undersigned's prior position as an Assistant United States Attorney").

Moreover, Plaintiff does not identify anything specific from the Restrepo Case that may cause a reasonable person to think I ever harbored bias against her counsel, much less bias that would have persisted for the twenty years since the Restrepo Case. Plaintiff's counsel submitted an affirmation, but it does not contain any facts from which it could be inferred that I harbored any bias against him. Rather, his descriptions of the Restrepo Case are generic to an adversarial legal system like ours. (*See, e.g.*, Recusal Br. 4 ("Counsel for the parties talked numerous times" and "rarely, if ever, agreed on a resolution of evidentiary issues and rulings"); *id.* at 5 (stating, "The antagonism between the opposing sides was very high," without providing any facts).) In other words, Plaintiff is merely speculating that my "prior position as an Assistant United States Attorney" has led to bias, which is an argument that cannot carry the day. *See McLean*, 2016 WL 3910664, at *9. What's more, our adversarial system of justice necessarily leads to winners and losers. To require a judge's recusal merely because she had previously been an adversary of an attorney appearing before her would be improper and unworkable.

5

Importantly, the applicable standard requires me to consider whether "an objective, disinterested observer fully informed of the underlying facts" may have "significant doubt" about a possibility for my bias. *Aguinda*, 241 F.3d at 201. Here, those "underlying facts" are: (1) Plaintiff's counsel and I were opposing trial counsel twenty years ago; (2) I mentioned the Restrepo Case on a Senate questionnaire;[2] (3) this action has been assigned to me for two years, during which time Plaintiff never mentioned the Restrepo Case; (4) I granted summary judgment against Plaintiff; and (5) three days after my SJ Opinion, for the first time, Plaintiff raised the Restrepo Case as the basis for her recusal motion, (Doc. 68). Faced with these facts, a reasonable observer would likely conclude that Plaintiff's counsel knew of his prior opposing counsel relationship with me from the Restrepo Case and thought nothing of it until after summary judgment was granted, at which point Plaintiff's counsel decided to file the present motion.[3]

---

[2] The relevant questionnaire question asked for "the ten (10) most significant litigated matters which [I] personally handled." (Doc. 70-5, at 20.) I included the Restrepo Case along with every other case I tried as an Assistant United States Attorney that was submitted to a jury for a verdict. (*See id.* at 20–25.) Plaintiff's counsel mentions that, on the questionnaire, I provided the contact information for his co-counsel from the Restrepo Case, but that next to Plaintiff's counsel's name, I wrote "unable to locate current contact information." (Recusal Br. 6.) A review of the Restrepo Case docket shows that Plaintiff's counsel's contact information on that docket sheet says he is associated with a firm in Atlanta, Georgia and provides a phone number with a Georgia area code. *See Restrepo*, 1:99-cr-01113-KBF-1. By contrast, the docket in this action lists Plaintiff's counsel as having a Brooklyn address and a New York area code. The Restrepo Case docket sheet also lists counsel named "Gregory Scott Smith," *see id.*, whereas Plaintiff's counsel in this action is listed as "Gregory Gladstone Smith." For present purposes, I assume that the Restrepo Case's docket information is the result of an error.

[3] Plaintiff's counsel states that he "was alerted to the fact that" I "may personally know him" through the Restrepo Case "[o]n March 21, 2022," which is the Monday after the Friday of March 18, 2022, when the SJ Opinion was entered on this action's docket. (*See* Recusal Br. 2.) In other words, Plaintiff's counsel represents that he did not remember me from the Restrepo Case until three days after the SJ Opinion. (*But see* Doc. 68 (representing that Plaintiff waited until after the SJ Opinion was entered to seek my recusal because "Your Honor did not provide the parties an opportunity to determine whether or not . . . recusal was appropriate," not because Plaintiff's counsel had only recently remembered the Restrepo Case).) This representation and Plaintiff's argument on the present motion—that I "may have granted [s]ummary [j]udgment" because of "personal bias" against him, (Recusal Br. 1)—is premised on the notion that, even though he represents he did not remember me, I must have remembered him. This is a dubious premise given that Plaintiff's counsel's name is fairly common, but my name is rather unique. *Compare* How Many of Me, http://howmanyofme.com/people/Gregory_Smith/ ("There are 6,540 people in the U.S. named Gregory Smith.") (last accessed Apr. 11, 2022), *with* How Many of Me, http://howmanyofme.com/people/Vernon_Broderick/ ("There are 6 people in the U.S. named Vernon Broderick.")

### III.     Conclusion

For the foregoing reasons, Plaintiff's motion for my recusal is DENIED.  The Clerk of Court is respectfully directed to terminate the open motion at docket 70.

SO ORDERED.

Dated: April 12, 2022
      New York, New York

                                       Vernon S. Broderick
                                       United States District Judge

---

(last accessed Apr. 11, 2022).

In any case, regardless of when Plaintiff's counsel became aware that he and I were opposing counsel in the Restrepo Case, the recusal motion must fail because there are simply no facts suggesting bias or prejudice.